IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **RONALD SALDIVA-GOMEZ** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No.  4:26-CV-00189-O** |
| | § | |
| **KRISTI NOEM, Secretary of the U.S.** | § | |
| **Department of Homeland Security;** | § | |
| **TODD LYONS, Acting Director U.S.** | § | |
| **Immigration and Customs Enforcement;** | § | |
| **PAMELA BONDI, Attorney General of** | § | |
| **the United States; JOSHUA JOHNSON,** | § | |
| **Field Office Director, Dallas Field** | § | |
| **Office, U.S. Immigration and Customs** | § | |
| **Enforcement, in their official capacities** | § | |
| | § | |
| **Respondents.** | § | |

## ORDER

Before the Court are Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1); Respondent's ("the Government") Response (ECF No. 7); Petitioner's Motion to Transfer Venue (ECF No. 9); and the Government's Response (ECF No. 11).  Petitioner did not file a reply.  For the following reasons, the Petition (ECF No. 1) and the Motion to Transfer Venue (ECF No. 9) are **DENIED**.

### I.    MOTION TO TRANSFER

"It is well established that jurisdiction over the petitioner attaches with the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Smith v. Fleming*, No. 4:02-CV-440-Y, 2002 WL 31114021, at *2 (N.D. Tex. Sept. 20, 2002); *see also Moler v. Wells*, 18 F.4th 162, 166 n.7 (5th Cir. 2021) (explaining that "'venue [is] determined at the outset of litigation and [is] not affected by subsequent events'").  As

venue was proper before this Court at the time of filing,[1] the Court **DENIES** the Motion to transfer venue because of Petitioner's subsequent transfer to an ICE detention facility in Natchez, Mississippi.  *See* ECF No. 9.

## II.    PETITION FOR WRIT OF HABEAS CORPUS

Petitioner is a native of Venezuela who entered the United States without "valid documents permitting entry"[2] on August 23, 2022.  Immigration and Customs Enforcement took him into custody on January 2, 2026.  On March 9, 2026, the immigration court found that Petitioner had abandoned his asylum and other immigration-related claims and ordered his removal to Venezuela.  Petitioner appealed that order, and the appeal remains pending.[3]

Petitioner admits that "*Buenrostro-Mendez* forecloses Petitioner's purely statutory entitlement theory under § 1226(a)"[4] and that he is detained pursuant to 8 U.S.C. § 1225 without a right to a bond hearing.  *See* 166 F.4th 494, 507-08 (5th Cir. 2026).

Petitioner claims that his custody nevertheless is illegal under *Zadvydas v. Davis*, 533 U.S. 678 (2001).[5]  He is wrong.  *Zadvydas* applies when the government seeks to detain an immigrant pursuant to 8 U.S.C. §1231 and is inapplicable for other detention provisions. *Denmore v. Kim*, 538 U.S. 510, 528 (2003).  And section 1231 implements a 90-day removal period that begins when the removal order becomes administratively final.  8 U.S.C. §1231(a)(1)(B).  Because his removal order remains pending on appeal, his removal is not administratively final, meaning *Zadvydas* does not apply. Petitioner provides no other legal basis for asserting that he is being held illegally.

---

[1] Petitioner admits venue was proper in the United States District Court for the Northern District of Texas, Fort Worth Division at the time of filing.  *See* Pet. 8, ECF No. 1.
[2] Pet. 4, ECF No. 1.
[3] Pet. 4, ECF No. 1.
[4] Pet. 15, ECF No. 1.
[5] Pet. 17-19, ECF No. 1.

Because Petitioner is detained under 8 U.S.C. § 1225 during ongoing removal proceedings, his detention is lawful, and he is not entitled to a bond hearing. *Gomez-Lira*, 75 F. App'x at 979; *Buenrostro-Mendez*, 166 F.4th at 507-08. The Petition for Writ of Habeas Corpus (ECF No. 1) is **DENIED**.

**SO ORDERED** on this **May 26, 2026**.

Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**